Johnson, J.
delivered the opinion of the Court.
The Court is aware, that amongst the less informed of the very many justices of the peace throughout, the country, there , are those to be found, who assume the right to supersede warrants issued by others, for all sorts of offences committed against the State; but for this practice no authority is to be found either in the common, or the statute law, nor is it warranted by common sense, or sound policy.
*550 The application for the supersedeas, according: to this prae~ tice, is always at the instance of the party accused ; and irons him, the magistrate receives whatever information he may think proper to impart, and no more. He comes before him, admit- , . . , , . , . ting that another has made the accusation, but protesting his innocence, and reserving the right to contest that matter in the Court of Sessions; and upon the information received fiom this interested, and perhaps corrupt, but certainly suspicious, source, the magistrate is required to determine, whether the offence, with which he is charged, is bailable, or not, and if bailable, what shall be the amount of bail. Without supernatural powers, he must err. The law never has placed, and I trust never will place, that necessary and useful class of public officers in a situation so responsible, and so dangerous to the good order, and peace of the community.
According to the ancient common law, it would seem, that one justice might supersede a warrant issued by another, to compel a party to find surety of the peace; but the power is limited to that case alone, and even this is taken away in England by the St. 21 Jac. 1 c. 8. unless upon motion made ill open Court, and upon sufficient sureties in a fixed sum. Hawk. P. C book 1. ch. 60. sec. 14. Bac. Abr. Supersedeas, C. This statute is not of force here, but the evils recited in its preamble, some of which have been before hinted at, as growing out of the exercise of the power, shew abundantly that the common law rule wanted a solid foundation. The party accused gains no legal advantage by it; and the. only motive, which could induce an application for a supersedeas, must be t.he anticipation of some favor, or a hope to throw dust in the eyes of justice, and blind her to the enormity of the case; neither of which ought to be allowed.
In adopting the English common law, the act of 1712, P. L. 99, expressly excepts such parts of it as are inconsistent with our particular constitutions, laws, and customs: and in the spirit of that exception, I should say, that those wanting in good sense, and sound policy, ought also to be excluded. To this class I think that now noticed belongs.
The case under consideration is also clearly sustainable on the ground, upon which it is put by the presiding Judge. In *551 addition to many glaring irregularities in the supersedeas itself, it recites, that the offence charged against the plaintiff was assaulting William Allen; whereas the warrant on which the defendant arrested her, and under which he justified, charged the plaintiff jointly with others, with an attempt to rescue property taken in execution by him as a constable, and with abusing and beating him. So that admitting that one Justice had the power to supersede the warrant of another,, the warrant on which the defendant arrested the plaintiff was not recited in the supersedeas.
Colcock, J. and Evans, J. concurred.
Motion refused.